UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

GABBANELLI ACCORDIONS & IMPORTS, L.L.C.,

      Plaintiff,

  v.

ISAC BRILINGTTON, individually and dba WEST COAST MUSIC,

      Defendant.

_____/

NO. 2:08-cv-0483 FCD-KJM

MEMORANDUM AND ORDER

----oo0oo----

    This matter is before the court on the motion of Tressler, LLP to withdraw as attorney of record for defendant Isac Brilingtton, individually and dba West Coast Music ("Brilingtton"). Counsel brings this motion on the grounds that defendant is not able to comply with the agreement and obligation to counsel regarding expenses and fees.

    Local Rule 182(d) provides that attorneys may not withdraw from an action in which they have appeared without leave of the court upon noticed Motion. The Local Rule incorporates the requirements for withdrawal and the Rules of Professional Conduct

1

1 of the State Bar of California.  The Rules of Professional
2 Conduct of the State Bar of California provide in pertinent part:

> A member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D), and complying with applicable laws and rules.

California Rules of Professional Conduct, Rule 3-700(A)(2).
Pursuant to California Rules of Professional Conduct, Rule 3-700(C), withdrawal is permitted in certain specified circumstances.  Withdrawal is warranted under Rule 3-700(C)(1)(f) when a client breaches an agreement or obligation to the attorney as to expenses or fees.

Counsel has complied with the relevant requirements by notifying defendant of the pending Motion to Withdraw. Specifically, on February 25, 2010, James Borcia ("Borcia"), a partner at Tressler, LLP, spoke telephonically with Brilingtton and advised him of the date, time, location, and nature of the instant motion.  (Decl. of James Borcia ("Borcia Decl."), filed Mar. 4, 2010, ¶¶ 1, 6.)  In response, Brilingtton advised that he had no opposition to withdrawal by the Tressler, LLP firm as counsel in this matter.  (Id. ¶ 7.)  On March 1, 2010, counsel also sent a copy of the motion to Brilingtton at his email address.

Further, in his declaration, Borcia asserts that Brilingtton has failed to pay for Tressler, LLP's long past due billings in this case.  (Id. ¶ 4.)  Borcia also asserts that on numerous occasions within the last nine months, he informed Brilingtton that the firm could not continue to represent him in this matter

2

1 without being paid.  (<u>Id.</u>)  Finally, Borcia informed Brilingtton
2 that upon the court's grant of the pending motion, Brilingtton
3 would be presenting his own defense until new counsel was
4 retained.  (<u>Id.</u> ¶ 6.)
5     Based upon the materials submitted by counsel, Tressler,
6 LLP's motion to withdraw as attorney of record is GRANTED.
7 Counsel shall comply with the requirements of California Rules of
8 Professional Conduct, Rule 3-700(D).  Defendant Brilingtton is
9 substituted in propria persona.  Pursuant to Local Rule 72-
10 302(c)(21), this case is hereby referred to the assigned
11 Magistrate Judge, Kimberly J. Mueller, for case management and
12 recommendation(s) to the District Court Judge.  Parties are to
13 contact Matt Caspar at 916-930-4187 with regard to further case
14 management.
15     IT IS SO ORDERED.
16 DATED: March 12, 2010

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE